UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Adairan Martell Davis, | Case No. 21-CV-1811 (MJD/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| State of MN, Henn. Co., Kevin Beiging, and Carolina Lamas, | |
| Respondents. | |

---

This action comes before the Court on Plaintiff Adairan Martell Davis's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Dkt. 1 ("Petition")) and Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2 ("IFP Application")). For the following reasons, the Court recommends denying the Petition, dismissing this action, denying the IFP Application as moot, and denying Davis a certificate of appealability.

Davis commenced this action on August 6, 2021, by filing the Petition. (*See* Dkt. 1 at 1.) The Petition purports to challenge the "judgment[s] of conviction" in three actions: (1) *State v. Davis*, No. 27-CR-16-19358 (Minn. Dist. Ct.); (2) *State v. Davis*, No. 27-CR-21-392 (Minn. Dist. Ct.); and (3) *State v. Davis*, No. 27-CR-21-7815 (Minn. Dist. Ct.). (*Id.*) As best as the Court can tell, Davis's challenge in each case relies on theories of his purported sovereign citizenship. (*See id.* at 2-3, 5.)

The Court first considers the status of Davis's criminal cases. Case No. 27-CR-16-19358 started in July 2016, when authorities charged Davis with one count of third-degree drug possession under Minnesota law. (*See* Register of Actions, *State v. Davis*, No. 27-CV-16-19357 (Minn. Dist. Ct.) ("*Davis I* Docket").[1]) Davis pleaded guilty in July 2017. (*See id.*) A state court sentenced Davis to a 61-month sentence stayed for three years, time during which Davis was on probation. (*See id.*) Davis apparently incurred several probation violations, but in January 2021, the state court discharged Davis from probation and made the stay of the sentence's execution permanent. (*See id.*; Rep. of Probation Officer and Order Suspending Execution of Sentence Permanently and Restoring Civil Rights 1, *State v. Davis*, No. 27-CR-16-19358 (Minn. Dist. Ct. Jan. 19, 2021).)

In Case No. 27-CR-21-392, authorities charged Davis in January 2021 for two counts of fifth-degree drug possession under Minnesota law. (*See* Register of Actions, *State v. Davis*, No. 27-CV-21-392 (Minn. Dist. Ct.) ("*Davis II* Docket").) In Case No. 27-CR-21-7815, authorities charged Davis in April 2021 with one count of domestic assault by strangulation and one count of threatening violence—again, both under Minnesota law. (*See* Register of Actions, *State v. Davis*, No. 27-CV-21-7815 (Minn.

---

[1] Davis did not submit any of his criminal-case dockets (or other cited criminal-case documents) to the Court. But the materials that the Court cites here are public court records of which the Court may take judicial notice. *See, e.g.*, *Crooks v. Lynch*, 557 F.3d 846, 848 (8th Cir. 2009) (citing *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005)); *Purdy v. Wilkins*, No. 21-CV-0315 (SRN/BRT), 2021 WL 3088731, at *1 n.2 (D. Minn. July 22, 2021) (citing *Bellino v. Grinde*, No. 18-CV-01013 (NEB/LIB), 2019 WL 368398, at *1 n.1 (D. Minn. Jan. 30, 2019)).

Dist. Ct.) ("*Davis III* Docket").)  The dockets in both cases indicate that (1) Davis has pleaded not guilty in Case No. 27-CR-21-7815; (2) he was due to attend a court hearing for both matters in August 2021—after he filed the Petition—but failed to appear; (3) warrants for Davis have been issued in both matters; and (4) Davis has not been convicted in either matter.

In these circumstances, the Court doubts it has jurisdiction to address the Petition. Consider first the challenge to Case No. 27-CR-16-19358.  Davis brings the Petition under 28 U.S.C. § 2254.  Section 2254(a) provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States" (emphasis added).  Where a § 2254 petitioner actually is not "in custody," a district court lacks jurisdiction to address the petition.  *See, e.g.*, *Maleng v. Cook*, 490 U.S. 488, 490 (1989); *Beets v. Iowa Dep't of Corr. Servs.*, 164 F.3d 1131, 1133 n.2 (8th Cir. 1999) (citing cases).  For Case No. 27-CR-16-19358, Davis has served his sentence and appears to be under no further sanction based on the conviction, so he is no longer "in custody" in any relevant sense.  The Court thus recommends dismissing the Petition without prejudice, for lack of jurisdiction, as to any challenge to Case No. 27-CR-16-19358.

This leaves the challenges to Case Nos. 27-CR-21-392 and 27-CR-21-7815.  As an initial point, § 2254 is not the proper statute for a challenge concerning these actions.  As noted above, § 2254 is for petitioners "in custody pursuant to the judgment of a State court."  In Case Nos. 27-CR-21-392 and 27-CR-21-7815, no state-court judgment affects

3

Davis, because (as explained), he has yet to be tried in either action, much less convicted or sentenced. So the proper vehicle for Davis's habeas challenge in these actions is 28 U.S.C. § 2241. *See, e.g.*, *Castillo-Alvarez v. Hawkinson*, No. 10-CV-4187 (PAM/JJG), 2011 WL 3759828, at *2 n.2 (D. Minn. Aug. 4, 2011) (citing *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007)), *R.&R. adopted*, 2011 WL 3798585 (D. Minn. Aug. 25, 2011); *cf. Scarver v. Woods*, No. 4:20-CV-1247 (BSM/BD), 2020 WL 7705470, at *2 (E.D. Ark. Dec. 1, 2020), *R.&.R. adopted*, 2020 WL 7702191 (E.D. Ark. Dec. 28, 2020).[2]

Under § 2241(c)(3), courts can grant a writ of habeas corpus to those "in custody in violation of the Constitution or laws or treaties of the United States." Whether Davis was "in custody" or not hinges on his status when he filed the Petition. *See, e.g.*, *Spencer v. Kemma*, 523 U.S. 1, 7 (1998) (citing cases); *Lopez v. Heinauer*, 332 F.3d 507, 510 (8th Cir. 2003) (same). As best as the Court can tell, when the Petition was filed, Davis had been released on bond in both actions. (*See Davis II* Docket; *Davis III* Docket.) A petitioner released on bond is "in custody" for habeas purposes. *See, e.g.*, *McCoy v. Woods*, No. 20-CV-0476 (LPR/PSH), 2020 WL 7074457, at *3 (E.D. Ark. Nov. 2, 2020), *R.&R. adopted*, 2020 WL 7062901 (E.D. Ark. Dec. 2, 2020); *cf. Justs. of Bos. Mun. Ct. v. Lydon*, 466 U.S. 294, 300 (1984) (noting that petitioner released on own recognizance

---

[2]   *See also* Brian Means, Postconviction Remedies § 5:2 (Westlaw, version through June 2021 update) ("[I]f the petitioner is in custody pursuant to something other than a judgment of a state court—such as pre-trial detention, pre-trial bond order, awaiting extradition, or other forms of custody that are possible without a conviction—he may proceed under [§ 2241]." (citing cases)).

pending retrial is "in custody" for habeas purposes). At least in theory, then, a § 2241 challenge addressing Case Nos. 27-CR-21-392 and 27-CR-21-7815 is possible.

But a challenge to Davis's two pending state criminal actions faces another hurdle: he has yet to exhaust state remedies in those cases. "Even though the statutory language of § 2241(c)(3) does not contain an exhaustion requirement, in the context of pretrial habeas petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Campbell ex rel. Man v. Choi*, No. 19-CV-2671 (JRT/BRT), 2019 WL 8370766, at *1 (D. Minn. Oct. 18, 2019) (quoting *Eremy v. Ramsey Cty.*, No. 17-CV-0083 (WMW/KMM), 2017 WL 3432067, at *1 (D. Minn. Apr. 21, 2017) (internal quotation marks and citation omitted)), *R.&R. adopted*, 2020 WL 614809 (D. Minn. Feb. 10, 2020); *see also El Bay v. Dakota Cty. Sheriff's Off.*, No. 19-CV-0034 (MJD/ECW), 2019 WL 1412653, at *1 (D. Minn. Feb. 19, 2019) (same), *R.&R. adopted*, 2019 WL 1405936 (D. Minn. Mar. 28, 2019). Whatever the merits of Davis's challenge to his two pending Minnesota cases—the Court need not, and so will not, weigh in there—the Court sees no reason why Davis cannot raise that challenge at a "trial on the merits in the state court." This Court should therefore abstain from exercising its jurisdiction under 28 U.S.C. § 2241(c)(3).

Given the above discussion, the Court recommends denying the Petition without prejudice and dismissing this action. Given these recommendations, the Court further recommends denying the IFP Application as moot.

As a final point, the court will address whether to recommend a certificate of appealability ("COA").  A § 2241 state-court habeas petitioner can appeal a petition's denial only if the petitioner is granted a COA.  28 U.S.C. § 2253(c)(1); *see also Krithers v. Wojciechowski*, No. 17-CV-0149 (PJS/SER), 2017 WL 4736694, at *5 (D. Minn. Sept. 21, 2017), *R.&R. adopted*, 2017 WL 4712200 (D. Minn. Oct. 18, 2017), *superseded on unrelated ground*, 2017 WL 5891729 (D. Minn. Nov. 28, 2017).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Putting aside the merits of Davis's claims, the Court finds it unlikely that any other court, including the U.S. Court of Appeals for the Eighth Circuit, would find this Court's determinations here debatable.  The Court thus recommends that Davis not be granted a COA in this matter.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS RECOMMENDED THAT**:

    1.    The Petition (Dkt. No. 1) be **DENIED WITHOUT PREJUDICE**.

    2.    This matter be **DISMISSED**.

    3.    The IFP Application (Dkt. No. 2) be **DENIED AS MOOT**.

    4.    A certificate of appealability be **DENIED**.

Dated: August 31, 2021                               *s/Elizabeth Cowan Wright*
                                                              ELIZABETH COWAN WRIGHT
                                                              United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).